CV 12-1115

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MIL-SPEC INDUSTRIES CORP.,

Plaintiff,

v.

ICL PERFORMANCE PRODUCTS LP, d/b/a ICL NORTH AMERICA, CHRIS PHILIPPI, Individually, EDWARD KUBALA, Individually, JIM MOFFATT, Individually, MICHAEL HICKS, Individually, STEPHEN J. CORNWALL, Individually, JOHN DOES 1-X,

Defendants.

NOTICE OF REMOVAL

BIANCO, J.

BOYLE, M.J.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 06 2012 ★
BROOKLYN OFFICE

NO SUMMONS ISSUED

**TO:** Honorable Judges of the United States District Court
Eastern District of New York
U.S. Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

**ON NOTICE TO:**

Darius A. Marzec, Esq.
Marzec Law Firm, P.C.
225 Broadway, Suite 3000
New York, New York 10007

Clerk
Supreme Court County of Nassau
Supreme Court Building
100 Supreme Court Drive
Mineola, New York 11501

**HONORABLE JUDGES:**

Defendants, ICL Performance Products LP, Chris Philippi ("Phillipi"), Edward Kubala ("Kubala"), Jim Moffatt ("Moffatt"), Michael Hicks ("Hicks") and Stephen J. Cornwall

("Cornwall") (collectively "Defendants") file this Notice of Removal of this action pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1446 to the United States District Court for the Eastern District of New York, and as grounds therefore show as follows:

**TIMELINESS OF REMOVAL**

1. On February 2, 2012, plaintiff MIL-Spec Industries Corp., ("Plaintiff") filed a civil action against Defendants and Doe Defendants in the Supreme Court of New York, Nassau County, entitled Mil-Spec Industries Corp. v. ICL Performance Products, LP. et. al. Index No. 1378-2012. (A true and correct copy of the Complaint is annexed hereto as *Exhibit A*).

2. The Verified Complaint alleges claims for tortious interference, restraint of trade, fraud, unjust enrichment, defamation, breach of contract and intentional tort. (Id.)

3. In addition, the Verified Complaint seeks an injunction, a declaratory judgment and an accounting. (Id.)

4. On February 14, 2012, a special process server hand-delivered seven (7) copies of the Summons and Verified Complaint to Defendants at Defendant ICL Performance Products LP offices in St. Louis, Missouri.

5. Plaintiff's Verified Complaint is the only pleading relating to this matter.

6. Pursuant to 28 U.S.C. § 1446(b), the Notice of Removal has been timely filed within 30 days after the date on which any of the Defendants was first was served with the Summons and Complaint in the state court action.

**VENUE**

7. The Supreme Court of New York, Nassau County, is located in the Eastern District of New York. Therefore, venue for purposes of removal is proper because it is the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a).

**BASIS FOR REMOVAL**

8. This cause is a civil action within the meaning of the Acts of Congress relating to removal of causes.

***Diversity of Citizenship Jurisdiction***

9. This action is properly removable under 28 U.S.C. §1441 and 28 U.S.C. §1446 because the United States District Court has original jurisdiction in this case under 28 U.S.C. § 1332(a), which provides: "The district courts shall have original jurisdiction of all civil actions arising where the amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs, and is between citizens of different states."

10. Plaintiff is incorporated in the State of New York and has a business address located at 10 Mineola Avenue, Roslyn Heights, New York. (*See Exhibit A* ¶ 1).

11. ICL Performance Products LP is a limited partnership organized under the laws of the State of Delaware. The company's corporate headquarters and principal place of business is located at 622 Emerson Road, Suite 500, St. Louis, Missouri.

12. Philippi is a citizen of the State of Rhode Island.

13. Cornwall is a citizen of the State of Rhode Island.

14. Kubala is a citizen of the State of Pennsylvania.

15. Moffatt is a citizen of the State of Missouri.

16. Hicks is a citizen of the State of Missouri.

17. Consequently, there is complete diversity for purposes of jurisdiction conferred by 28 U.S.C. § 1332(a).

18. In the Verified Complaint, Plaintiff seeks compensatory damages in the amount of $1,000,000.00 and $9,000,000.00 in punitive damages.

19. Accordingly, the amount in controversy in this matter exceeds $75,000 exclusive of interest and costs.

## CONCLUSION

20. Plaintiff's state court action may be removed pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446.

21. There is diversity of citizenship subject matter jurisdiction for purposes of jurisdiction conferred by 28 U.S.C. § 1332(a)(1) and the amount in controversy exceeds $75,000 exclusive of interests and costs.

22. There have been no other proceedings in the state court action.

23. By removing the within action, Defendants do not waive, or intend to waive, any defenses they might have including insufficiency of process, insufficiency of service of process, forum non-convenience and/or lack of personal jurisdiction, and reserves the right to assert all defenses herein.

24. Further, Defendants do not waive, or intend to waive, any counterclaims they may have, and reserve the right to assert all counterclaims herein.

25. In accordance with 28 U.S.C. §1446(d), copies of this Notice of Removal have been served upon counsel for Plaintiff and filed with the Clerk of the Supreme Court in Nassau County, New York.

**WHEREFORE**, ICL Performance Products LP, Chris Philippi, Edward Kubala, Jim Moffatt, Michael Hicks and Stephen J. Cornwall respectfully request that this Honorable Court take jurisdiction of this action and issue all necessary orders and process to remove said action from the Supreme Court of New York, Nassau County to the United States District Court for the Eastern District of New York.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
Attorneys for Defendants ICL Performance Products LP, Chris Philippi, Edward Kubala, Jim Moffatt, Michael Hicks and Stephen J. Cornwall

Dated: March 5, 2012

By: s/ [signature]

Theresa Donahue Egler, Esq.
521 5th Avenue , 17th Floor
New York, New York 10175-0001
Tel: (973) 656-1600
Fax: (973) 656-1611
theresa.egler@ogletreedeakins.com

## CERTIFICATION OF COUNSEL

I, Theresa Donahue Egler, Esq., counsel for Defendants ICL Performance Products, L.P., Chris Philippi, Edward Kubala, Jim Moffatt, Michael Hicks and Stephen J. Cornwall, certify that the matter in controversy is not the subject of any other action pending in any court nor any pending arbitration or administrative proceeding, and that no other action or arbitration is contemplated.

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
Attorneys for Defendants ICL Performance Products LP, Chris Philippi, Edward Kubala, Jim Moffatt, Michael Hicks and Stephen J. Cornwall

Dated: March 5, 2012

By: s/ Theresa Egler

Theresa Donahue Egler, Esq.
521 5th Avenue , 17th Floor
New York, New York 10175-0001
Tel: (973) 656-1600
Fax: (973) 656-1611
theresa.egler@ogletreedeakins.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 5, 2012 the foregoing Notice of Removal was filed with this Court. I also certify that on March 5, 2012 a true and correct copy of the foregoing Application was served via first-class mail, postage prepaid, upon:

Darius A. Marzec, Esq.
Marzec Law Firm, P.C.
225 Broadway, Suite 3000
New York, New York 10007

Clerk
Supreme Court County of Nassau
Supreme Court Building
100 Supreme Court Drive
Mineola, New York 11501

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
Attorneys for Defendants ICL Performance Products LP, Chris Philippi, Edward Kubala, Jim Moffatt, Michael Hicks and Stephen J. Cornwall

Dated: March 5, 2012

By: s/ Theresa Egler
Theresa Donahue Egler, Esq.
521 5th Avenue, 17th Floor
New York, New York 10175-0001
Tel: (973) 656-1600
Fax: (973) 656-1611
theresa.egler@ogletreedeakins.com

11902501.1 (OGLETREE)

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

-----------------------------------------------------------------X

MIL-SPEC INDUSTRIES CORP.,

Plaintiff,

- against –

ICL PERFORMANCE PRODUCTS, LP., D/B/A ICL NORTH AMERICA, CHRIS PHILIPPI, INDIVIDUALLY, EDWARD KUBALA, INDIVIDUALLY, JIM MOFFATT, INDIVIDUALLY, MICHAEL HICKS, INDIVIDUALLY, STEPHEN J. CORNWALL, INDIVIDUALLY, JOHN DOES I-X, (SUCH PERSONS BEING PRESENTLY UNKNOWN),

Defendants.

-----------------------------------------------------------------X

Index No.: 1378/2012

**SUMMONS**

*Plaintiff designates Nassau County as a County of Venue given Plaintiff's address of 10 Mineola Avenue, Roslyn Heights, NY 11577.*

To the above named Defendants:

YOU ARE HEREBY SUMMONED to answer the complaint and to serve a copy of your answer on Plaintiffs' Attorney within twenty (20) days after the service of this summons, exclusive of the day of service or within thirty (30) days after the service is complete, if this summons is not personally delivered to you within the State of New York; and in case of your failure to appear or answer, judgment will be taken against you by default on the relief demanded in the verified complaint, with interest thereon, together with the costs of this Action.

Dated: January 30, 2012
New York, NY

Respectfully Submitted,

Darius A. Marzec, Esq.
Marzec Law Firm, P.C.
Attorney for Plaintiff
225 Broadway, Suite 3000
New York, NY 10007
(212) 267-0200
dmarzec@marzeclaw.com



Defendants' Addresses:
ICL PERFORMANCE PRODUCTS, LP., d/b/a ICL NORTH AMERICA, 622 Emerson Road,
Suite 500, St. Louis, MO 63141
CHRIS PHILIPPI, 34 Berry Hill Lane, Kingston, RI 02881
STEPHEN J. CORNWALL, P.O Box 859, East Greenwich, Rhode Island 02818
ED KUBALA, 622 Emerson Road, Suite 500, St. Louis, MO 63141
JIM MOFFATT, 622 Emerson Road, Suite 500, St. Louis, MO 63141
MICHAEL HICKS, 622 Emerson Road, Suite 500, St. Louis, MO 63141
JOHN DOES 1-X (SUCH PERSONS BEING PRESENTLY UNKNOWN)


NOTE: the law provides that: (a) If the summons is served by its delivery to you personally
within the city of New York, you must appear and answer within TWENTY days after such
service; or (b) If this summons is served by delivery to any person other than you personally, or
is served outside the city of New York, or by publication, or by any means other than personal
delivery to you within the City of New York, you are allowed THIRTY days after proof of
service thereof is filed with the Clerk of this Court within which to appear and answer.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

-------------------------------------------------------------X

MIL-SPEC INDUSTRIES CORP.,

Plaintiff,

- against –

ICL PERFORMANCE PRODUCTS, LP., D/B/A ICL NORTH AMERICA, CHRIS PHILIPPI, INDIVIDUALLY, EDWARD KUBALA, INDIVIDUALLY, JIM MOFFATT, INDIVIDUALLY, MICHAEL HICKS, INDIVIDUALLY, STEPHEN J. CORNWALL, INDIVIDUALLY, JOHN DOES 1-X, (SUCH PERSONS BEING PRESENTLY UNKNOWN),

Defendants.

-------------------------------------------------------------X

Index No.: 1378/2012

**VERIFIED COMPLAINT**

FEB 02 2012

NASSAU COUNTY
COUNTY CLERK'S OFFICE

Plaintiff, by and through its attorneys, Marzec Law Firm, P.C., and for their complaint against the Defendants herein, respectfully allege as follows:

**PARTIES**

1. Upon information and belief, at all the times hereinafter mentioned, Plaintiff MIL-SPEC INDUSTRIES, CORP ("MIL-SPEC") is a New York Corporation with the principal business address of 10 Mineola Avenue, Roslyn Heights, New York 11577.

2. Upon information and belief, at all the times hereinafter mentioned, Defendant ICL PERFORMANCE PRODUCTS, LP., d/b/a ICL NORTH AMERICA (hereinafter "ICL"), is



a Limited Partnership with a business address of 622 Emerson Road, Suite 500, St. Louis, MO 63141.

3.        Upon information and belief, at all the times hereinafter mentioned, Defendant CHRIS PHILIPPI ("Philippi") individual and has a business address of 34 Berry Hill Lane, Kingston, RI 02881.

4.        Upon information and belief, at all the times hereinafter mentioned, Defendant STEPHEN J. CORNWALL ("Cornwall") is an individual and has a business address of Po. Box. 859, East Greenwich, RI 02818.

5.        Upon information and belief, at all the times hereinafter mentioned, Defendant EDWARD KUBALA ("Kubala") is an individual and has a business address of 662 Emerson Road, Suite 500, St. Louis, MO 63141.

6.        Upon information and belief, at all the times hereinafter mentioned, Defendant JIM MOFFATT ("Moffatt") is an individual and has a business address of 662 Emerson Road, Suite 500, St. Louis, MO 63141.

7.        Upon information and belief, at all the times hereinafter mentioned, Defendant MICHAEL HICKS ("Hicks") is an individual and has a business address of 662 Emerson Road, Suite 500, St. Louis, MO 63141.

8.        Upon information and belief, at all the time hereinafter mentioned, Defendants JOHN DOES 1-X are yet presently unknown individuals who participated in the tortuous and fraudulent conduct alleged herein.

          **JURISDICTION**

9. Jurisdiction is proper in New York because the parties do business in New York, the corporate Plaintiff is a New York corporation, and any claims made herein arose out of New York-entered contracts, agreements, arrangements, course of dealing, and / or breaches of duties that occurred in New York State. Moreover, the place of the effect of the breaches and tortious conduct is New York.

**FACTUAL BACKGROUND**

10. MIL-SPEC is engaged in the business of supplying the United States armed services, including United States Army, United States Government and its subdivisions, military, and any of its Commands including United State Sustainment Command (all hereinafter referred to as "United States Army" or "Government" or "Military") with various commodities and supplies.

11. MIL-SPEC has been in business for about 20 years. MIL-SPEC became an approved supplier for the United State Government on or about 1994.

12. MIL-SPEC has invested, and continues to invest substantial resources, in developing its reputation, contacts, business structure, business and supplier relationships, all with the single intention of securing government contracts to provide the United States military and governmental sub-units with its needs for raw materials, parts, items, chemicals, and all other necessities required to supply and maintain the United States Army. MIL-SPEC's relationships with suppliers located in the United States of America and abroad, its superior negotiating position, and its long track record of consistently meeting contractual obligations to

the Government, places it in a position of trust with the Government, and it is awarded government contracts on a regular basis.

13.     As a government contractor, MIL-SPEC contracts with various suppliers of raw materials to fulfill its contractual duties to the Military.    MIL-SPEC has been regularly supplying the United States Army with White Phosphorus (hereinafter "WP") since about 2000.

14.     WP has numerous military related applications and is critical to manufacture of weapon systems and the defense of the United States of America.

15.     Limited sources of WP exist in the world, and in the United States of America. The chemical, by its very nature is unstable, and may explode if exposed to ambient air. Foreign-produced supply has proven to be inconsistent in terms of quality; domestic WP is generally of consistent quality.   The Military also has a strong preference for purchasing domestically produced and supplied WP for economic and nationalistic reasons.   The transportation of WP is critical to its viability in military applications, and domestic rail shipping lessens the risk of spoilage, shipping delays, and explosion due to improper shipping.

16.     MIL-SPEC has numerous and long-standing relationships with various suppliers. In terms of WP, however, mainly one supplier exists (practically speaking).   MIL-SPEC has maintained a confidential and exclusive relationship with ICL since about 2005, as well as its predecessor company, known as "Astaris", since about 2000.   Upon information and belief, ICL and its predecessor Astaris, do not have the structure, subcontractor relationships, and a consistent track record needed to secure contracts with the Military.

17.     Upon information and belief, ICL is wholly owned subsidiary of Israel Chemicals LTD., based in Tel-Aviv, Israel.

18.     Coinciding with Astaris becoming ICL on or about 2006, United States Army erected a new manufacturing facility in Pine Bluff, Arkansas that required higher quantities of WP. During 2006 to 2007 MIL-SPEC, engaged in preliminary negotiations with the United States Army as well as with ICL to potentially supply the larger quantities of WP under a multi-year contract. On or about August 2007, the United States Army awarded to MIL-SPEC a three-year contract to supply WP to it, totaling approximately 1,081,000 to 1,189,100 pounds, or about six rail cars.

19.     On or about August 2007, Stephen J. Cornwall and Chris Philippi were assigned by ICL to act as agents of ICL in receiving and fulfilling orders placed by MIL-SPEC.

20.     To that end, on or about August 2007, a meeting was held in MIL-SPEC's principal location in Roslyn Heights, New York, where the existing and continuing exclusive and confidential relationship between MIL-SPEC and ICL was discussed and the parties exchanged mutual promises governing the relationship, confidentiality, exclusivity, supply of WP, and other pertinent matters.

21.     Numerous telephone conferences have been held too, and numerous emails exchanged.

22.     Agents Cornwall and Philippi, upon information and belief, were in charge of ICL's market in the Northeastern United States, and handled all business contracted in the state of New York where the parties' dealings took place. During October to December 2007, agent Philippi urged MIL-SPEC to analyze the future needs of MIL-SPEC for WP and to inform him on MIL-SPEC's needs, orders, quantities so ICL may fulfill and execute orders to supply MIL-SPEC with the needed product.

23.     Between 2007 and 2008, MIL-SPEC placed orders for WP from ICL, with first rail car ordered being valued at approximately $266,000.00.

24.     All orders, contracts, agreements, commitments and promises to perform were exchanged and agreed to in New York State.

25.     All relevant order and contract documents prepared were produced by MIL-SPEC and in the offices of MIL-SPEC, in Nassau County, New York State.

26.     Thereafter, on or about December 27, 2007, MIL-SPEC placed an order for additional five rail cars of WP, or approximately 950,000 pounds.

27.     All orders, contracts, agreements, commitments and promises to perform were exchanged and agreed to in New York State.

28.     All relevant order and contract documents prepared were produced by MIL-SPEC and in the offices of MIL-SPEC, in Nassau County, New York State.

29.     Nevertheless, on or about January 2, 2008, ICL informed MIL-SPEC's principal office in New York that it will not fill the orders unless MIL-SPEC pays an increased price. Since MIL-SPEC was obligated to the United States Army to supply WP, MILSPEC had no choice but to execute the next delivery of the second rail car for the demanded higher price.

30.     On March 2008, MILSPEC requested that ICL execute and deliver the third rail car order of WP. From this point and after increasing the price demanded, ICL simply refused to accept MIL-SPEC's orders, initially claiming unavailability, and thereafter demanding more than 100% increase in per pound price.

31.     As a result of ICL's failure to fulfill MIL-SPEC's orders, MIL-SPEC was unable to comply with its obligations pursuant to its contract with the United States Army.



32.     Unable to comply with its contractual obligations, MIL-SPEC requested a price adjustment with the United States Army based on supply chain and market impracticability, which was claimed by ICL.

33.     To secure a price adjustment, as per procedure, MIL-SPEC filed a proper petition with the United States Army; it also requested that ICL submit an explanation/supportive letter from the supplier regarding the change of WP market price. MIL-SPEC informed ICL that ICL may be in contact with the Army's purchasing agent directly, and that such discussion should be limited to the WP current general increase in market price only, and only to address, in general terms, the claimed supply and price "problems" in order to secure a favorable governmental determination on the price adjustment petition.

34.     After contacting the Government, and before the United States Army ruled on the price adjustment due to business impracticability, ICL suddenly advised MIL-SPEC that it, along with all individual Defendants, were going to contract directly with the United States Army to supply WP to it.

35.     When MIL-SPEC contacted the officer charged with overseeing its government contract, MIL-SPEC was advised that ICL had already quoted a price and already made initial engagement with them.

36.     Thereafter, MIL-SPEC contacted ICL to cease and desist from further direct contact with the United States Army given its long-standing relationship with ICL and the resultant interference with MIL-SPEC's contract to supply WP to the United States Army. ICL was also advised that it would be held liable for all resulting damages, including lost profit on the orders dispossessed from MIL-SPEC by ICL and its agents.

37. ICL and its agents, including all individual Defendants, simply used their opportune position and MIL-SPEC's process of seeking a price adjustment, to secure the lucrative business of providing the United States Army with WP.

38. Upon information and belief, all individually named defendants, including yet unknown John Does, participated in the improper conduct leading to MIL-SPEC being bypassed and unable to supply under its multi-million dollar government contract.

39. All defendants, upon information and belief, stood to gain, and in fact did gain and were unjustly enriched through and by their conduct.

40. MIL-SPEC continues to sustain economic losses due to ICL's continued course of dealing with the United States Army, supplying WP to the Army, to the exclusion of MIL-SPEC.

**AS AND FOR A FIRST CAUSE OF ACTION**

41. Plaintiff repeats and re-alleges each allegation contained in Paragraphs 1 through 40 in full force and effect, as if fully set forth herein.

42. At all relevant times herein, MIL-SPEC had a valid contract to supply WP to the United States Army.

43. ICL was MIL-SPEC's supplier.

44. ICL Defendants had knowledge of the existence of MIL-SPEC's contract with the United States Army.

45. ICL Defendants had knowledge of the existence of that contract.

46. With the intent of inducing the breach of the contract, ICL Defendants ceased supplying MIL-SPEC and began working directly with the United States Army, supplying WP

directly to the United States Army, causing MIL-SPEC to breach its existing multi-year contract with the United States Army.

47. ICL Defendants contracted with the United States Army despite existence of the contract between MIL-SPEC and the United States Army.

48. ICL Defendants intentionally and without justification induced contracting party, to breach the contract between MIL-SPEC and the United States Army.

49. Defendants' acts were a substantial factor in causing that breach.

50. Defendants' interference with Plaintiff's government contract was unauthorized, unwanted, and unlawful.

51. As a result of ICL Defendants' conduct, MIL-SPEC suffered damages in an amount to be determined at trial. In addition, the harm suffered is immediate and irreparable, and Defendants' continued wrongdoing will continue to imbue such injury upon Plaintiff until such conduct is preliminarily and permanently enjoined.

**AS AND FOR A SECOND CAUSE OF ACTION**

52. Plaintiff repeats and re-alleges each allegation contained in Paragraphs 1 through 51 in full force and effect, as if fully set forth herein.

53. Plaintiff had an opportunity to enter into additional contracts, agreements, orders and memoranda of understanding, and / or procure orders and contracts to supply WP and other raw materials to the United States Army.

54. Defendants knew about the Plaintiff's prospects and intentionally interfered with the prospective contracts and orders by using wrongful means in that it made fraudulent and

disparaging statements about MIL-SPEC's ability to perform, price and availability of WP, and the contractual relationship between Defendants and MIL-SPEC.

55.      As a result of losing prospective contracts and orders from the United States Army, MIL-SPEC sustained damages to be proven at trial.

## AS AND FOR A THIRD CAUSE OF ACTION

56.      Plaintiff repeats and re-alleges each allegation contained in Paragraphs 1 through 55 in full force and effect, as if fully set forth herein.

57.      Defendant ICL entered into an agreement, contract or an arrangement with the United States Army to provide WP.

58.      Defendant's conduct caused an unfair restraint of trade and unreasonably interfered with the ordinary, usual, and freely competitive system in the business activity of providing WP to the United States Army.

59.      Plaintiff was proximately damaged as a result of the Defendant ICL's agreement, contract or arrangement with the United States Army.

60.      With such wrongful conduct constituting a violation of the Donnelly Act (Section 340 of the General Business Law).

61.      Accordingly, Plaintiff demands damages to be proven at trial.



## AS AND FOR A FOURTH CAUSE OF ACTION

62.     Plaintiff repeats and re-alleges each allegation contained in Paragraphs 1 through 61 in full force and effect, as if fully set forth herein.

63.     Defendant ICL entered into an agreement, contract or an arrangement with the United States Army to provide WP.

64.     Defendants' conduct caused an unfair restraint of trade and unreasonably interfered with the ordinary, usual, and freely competitive system in business.

65.     Plaintiff was proximately damaged as a result of the Defendant ICL's agreement, contract or arrangement with the United States Army.

66.     Accordingly, Plaintiff demands damages to be proven at trial.

## AS AND FOR A FIFTH CAUSE OF ACTION

67.     Plaintiff repeats and re-alleges each allegation contained in Paragraphs 1 through 66 in full force and effect, as if fully set forth herein.

68.     ICL Defendants, individually and by and through their agents, actively engaged in fraudulent business conduct by designing and implementing a scheme to defraud Plaintiff.

69.     Specifically, in attempts to secure a contract and orders to supply WP directly to the United States Army, Defendants have repeatedly made repeated false representations about ICL Defendants' ability / inability to fill WP orders, statements concerning the per pound price of WP, the innocence and self-interested dealing surrounding the Defendants' assistance in the process of Plaintiff's bid to renegotiate its contract with the United States Army due to business



impracticability, and the intention to continue or to continue an exclusive and confidential business relationship with Plaintiff.

70. As a result of such fraudulent misrepresentations, Defendants have caused Plaintiff to rely on such representations to its detriment.

71. As a direct and proximate result of the Defendants' fraudulent misrepresentations, Plaintiff has sustained damages and will incur further damages in an amount to be determined at trial. In addition, the harm suffered is immediate and irreparable, and Defendants' continued wrongdoing will continue to imbue such injury upon Plaintiff until such conduct should be preliminarily and permanently enjoined. The actions of the Defendants were willful and malicious and as result the Plaintiff demands punitive damages as against all Defendants, including individual Defendants.

**AS AND FOR A SIXTH CAUSE OF ACTION**

72. Plaintiff repeats and re-alleges each allegation contained in Paragraphs 1 through 71 in full force and effect, as if fully set forth herein.

73. The Defendants made misrepresentations to Plaintiff, including, but not limited to: (1) that they had an interest in continuing to maintain an exclusive and confidential business relationship with Plaintiff by supplying it with WP; (2) that their contact with the United States Army to assist with the Plaintiff's bid to renegotiate the contract based on business impracticability was to help increase the per pound price to be paid by the government to MIL-SPEC and not to divert the business for their self-interested reasons and profit; (3) price increases; and (4) availability of WP to fill MIL-SPEC's orders.

74. Defendants did this with the covert intent of superseding its contractual role as a subcontractor, thereby bypassing the role of MIL-SPEC as the contractor supplying WP to the United States Army; this was done despite the existence of an ongoing contract between MIL-SPEC and the United States Army as well as between MIL-SPEC and the Defendants.

75. Plaintiff relied, to its detriment, on the false representations.

76. In so doing, Defendants were and continue to be unjustly enriched.

77. As a result of ICL Defendants' conduct, MIL-SPEC suffered damages in an amount to be determined at trial. In addition, the harm suffered is immediate and irreparable, and Defendants' continued wrongdoing will continue to imbue such injury upon Plaintiff until such conduct is preliminarily and permanently enjoined.

**AS AND FOR A SEVENTH CAUSE OF ACTION**

78. Plaintiff repeats and re-allege each allegation contained in Paragraphs 1 through 77 in full force and effect, as if fully set forth herein.

79. ICL Defendant's and individual Defendants' actions were a substantial factor in causing harm to Plaintiff; the Defendants had a self-interest in interfering with the long-standing contractual relationship between MIL-SPEC and the United States Army, and each defendant acted in self-interest to bring about personal gain. As such, the ICL and individual Defendants have been unjustly enriched.

80. Accordingly, Plaintiff demands damages to be proven at trial.




## AS AND FOR AN EIGHTH CAUSE OF ACTION

81. Plaintiffs repeat and re-allege each allegation contained in Paragraphs 1 through 80 in full force and effect, as if fully set forth herein.

82. Defendants made disparaging statements concerning MIL-SPEC's ability to perform under the contract with the United States Army.

83. The statements were false.

84. The statements were made maliciously.

85. The statements cast doubt on the Plaintiff's performance under contract and with intent to interfere with MIL-SPEC's interest in performing under the contract.

86. The statements were a substantial factor in causing Plaintiff pecuniary loss that resulted proximately from the making of the statements.

87. Accordingly, Plaintiff demands damages to be proven at trial.

## AS AND FOR A NINTH CAUSE OF ACTION

88. Plaintiff repeats and re-alleges each allegation contained in Paragraphs 1 through 87 in full force and effect, as if fully set forth herein.

89. Defendant parties hereto entered into a valid and enforceable contract to supply WP to MIL-SPEC.

90. The agreement and the course of parties' dealing was an exclusive and confidential business relationship.

91. MIL-SPEC fully performed under the terms of the agreement.

92. The Defendants, however, without cause or justifiable excuse, have failed and refused to supply the Plaintiff with WP and in so doing have breached the contract.

93.      As a direct result of the Defendants' breach of contract, MIL-SPEC has suffered and will suffer monetary and other damages.  MIL-SPEC requests judgment in its favor and against the Defendants in an amount to be determined at trial.

## AS AND FOR A TENTH CAUSE OF ACTION

94.      Plaintiff repeats and re-alleges each allegation contained in Paragraphs 1 through 93 in full force and effect, as if fully set forth herein.

95.      Defendants, without justification and solely to harm MIL-SPEC, intentionally acted causing financial loss to MIL-SPEC.

96.      Accordingly, Plaintiff demands damages to be proven at trial.

## AS AND FOR ELEVENTH CAUSE OF ACTION

97.      Plaintiff repeats and re-alleges each allegation contained in Paragraphs 1 through 96 in full force and effect, as if fully set forth herein.

98.      Unless ICL Defendants cease and desist from continuing their unlawful conduct, irreparable damages will be caused by MIL-SPEC losing not only a long-term business relationship and history of supplying the United States Army, but its reputation and good name will continue to be tarnished.   As between the Plaintiff and the Defendants the balance of equities or the hardships tips decidedly in the favor of the Plaintiff.  Plaintiff has a long-standing relationship with the governmental units procuring supplies from it, including WP, and has a strong interest in maintaining the business relationship.  On the other hand, the Defendants, along with predecessor, having been supplying WP to Plaintiff since about 2000, only exploited

an opportunity when Plaintiff requested the Defendants' aid in its business impracticability petition filed with the United States Army to increase rates paid to Plaintiff.   Such unlawful conduct pales in comparison to the long term relationship maintained between the procurement arm of the United States Army and MIL-SPEC.

99.     Plaintiff requests an order enjoining and restraining the defendants, their agents, servants, and employees from continued unlawful conduct.

## AS AND FOR A TWELFTH CAUSE OF ACTION

100.     Plaintiff repeats and re-alleges each allegation contained in Paragraphs 1 through 99 in full force and effect, as if fully set forth herein.

101.     Plaintiff demands a declaratory judgment declaring that MIL-SPEC is not indebted to the ICL for a breach of contract or under any other cause of action.

102.     Plaintiff demands a declaratory judgment that it has a right to off-set any amounts allegedly and purportedly due to ICL due to ICL Defendants' wrongful conduct, breaches of duties, breach of contract, fraud, unjust enrichment, failure to mitigate or minimize damages, and under theories of unclean hands, latches, estoppel, satisfaction, documentary evidence, comparative liability, offset, and counterclaim.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION

103.     Plaintiff repeats and re-alleges each allegation contained in Paragraphs 1 through 102 in full force and effect, as if fully set forth herein.

104.     Plaintiff demands an accounting.

**ADDITIONAL RELIEF REQUESTED**

105. Plaintiff additionally requests interest from the earliest applicable date on all money awards, plus costs, disbursements, and attorneys' fees for this action as well as such further and different relief as the Court may deem proper.

**WHEREFORE**, Plaintiff demands a money judgment against the Defendants, jointly and severally, in the amount to be proven at trial, but under no circumstance less than $1,000,000.00 as money, consequential, and lost profit damages, and for the costs and disbursements of this action. Plaintiff further demands a punitive damages award in a sum to be determined at trial, but under no circumstance less than $9,000,000.00, for malicious, willful, blatant, intentional, and nefarious conduct of the Defendants. In addition, the harm suffered is immediate and irreparable, and Defendants' continued wrongdoing will continue to imbue such injury upon Plaintiff until such conduct is preliminarily and permanently enjoined.

Dated: January 30, 2012
New York, NY

**MARZEC LAW FIRM, P.C.**

By: ______________________

Darius A. Marzec, Esq.
Attorneys for Plaintiff
225 Broadway, Ste. 3000
New York, NY 10007
(212) 267-0200

 

**VERIFICATION**

**STATE OF NEW YORK** }
ss:
**COUNTY OF NASSAU** }

I, RON NAANE, am the President of Mil-Spec Industries Corp., the Plaintiff in this action. I have read this complaint, and know the contents therein. The contents are true to my knowledge except as to matters alleged upon my belief, and as to those matters I believe them to be true.

Mil-Spec Industries, Corp.

By: Ron Naane
Title: President

Subscribed and Sworn to before me on this day 30th day of January 2012.

SEKER ERGUNER
NOTARY PUBLIC - STATE OF NEW YORK
NO. 01ER6113846
QUALIFIED IN NASSAU COUNTY
COMMISSION EXPIRES AUGUST 9, 2012

Notary Public

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

Index No. 1378/2-12

---

MIL-SPEC INDUSTRIES CORP.

Plaintiff,

-against-

ICL PERFORMANCE PRODUCTS, L.P. D/B/A ICL NORTH AMERICA, CHRIS PHILIPPI INDIVIDUALLY, EDWARD KUBALA INDIVIDUALLY, JIM MOFFATT INDIVIDUALLY, MICHAEL HICKS INDIVIDUALLY, STEPHEN J. CORNWALL INDIVIDUALLY, JOHN DOES I-X (SUCH PERSONS BEING PRESENTLY UNKNOWN),

Defendant.

---

SUMMONS AND COMPLAINT

---

ATTORNEY FOR PLAINTIFF
Marzec Law Firm, P.C.
Darius A. Marzec, Esq.
225 Broadway, Suite 3000
New York, NY 10007
212-267-0200

---

CERTIFICATION

Pursuant to Section 130-1.1, the following documents are hereby certified.

MARZEC LAW FIRM, PC

By: Darius A. Marzec, Esq.
Attorneys for Plaintiff
225 Broadway, Ste. 3000
New York, New York 10007
(212) 267-0200

Service of a copy of the within is hereby admitted.

Attorney ______ Date

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

Index No. 1378/2-12

MIL-SPEC INDUSTRIES CORP.

Plaintiff,

-against-

ICE PERFORMANCE PRODUCTS, L.P. D/B/A ICE NORTH AMERICA, CHRIS PHILIPPI, INDIVIDUALLY, EDWARD KUBALA, INDIVIDUALLY, JIM MOFFATT, INDIVIDUALLY, MICHAEL HICKS, INDIVIDUALLY, STEPHEN T. CORNWALL, INDIVIDUALLY, JOHN DOES I-X (SUCH PERSONS BEING PRESENTLY UNKNOWN),

Defendant.

---

SUMMONS AND COMPLAINT

---

ATTORNEY FOR PLAINTIFF
Marzec Law Firm, P.C.
Darius A. Marzec, Esq.
225 Broadway, Suite 3000
New York, NY 10007
212-267-0200

---

CERTIFICATION

Pursuant to Section 130-1.1, the following documents are hereby certified.

MARZEC LAW FIRM, PC

By: Darius A. Marzec, Esq.
Attorneys for Plaintiff
225 Broadway, Ste. 3000
New York, NY 10007
(212) 267-0200

Service of a copy of the within is hereby admitted.

Attorney Date